*Formatted for Electronic Distribution* *Not For Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

Filed & Entered
On Docket

11/4/05

_____

**In re:**

**WAYNE L. ARNOLD and**  **Chapter 7 Case**
**VALERIE J. HANST,**  **# 04-11480**
          **Debtors.**

_____

**RAYMOND J. OBUCHOWSKI,**
**in his capacity as Chapter 7 Trustee**
          **Plaintiff,**
      v.  **Adversary Proceeding**
          **# 05-1020**
**WAYNE L. ARNOLD and**
**VALERIE J. HANST,**
          **Defendants.**

_____

*Appearances:*   *Jennifer Emens-Butler, Esq.*   *Kenneth Lindauer, Esq.*
                *Obuchowski & Emens-Butler*    *Woodstock, Vt.*
                *Bethel, Vt.*                       *For the Debtors-Defendants*
                *For the Plaintiff*

### MEMORANDUM OF DECISION
### GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

      Plaintiff Raymond J. Obuchowski, in his capacity as chapter 7 trustee in the bankruptcy estate of Wayne L. Arnold and Valerie J. Hanst (the "Trustee") initiated the instant adversary proceeding objecting to Wayne L. Arnold and Valerie J. Hanst's (the "Debtors") discharge under § 727.[1]  Currently pending before the Court is the Trustee's motion for summary judgment on the bases that the Debtors (1) have failed to cooperate with the Trustee under § 727(a)(3); and (2) have, with an intent to hinder, delay or defraud creditors or the Trustee, transferred, concealed or have permitted to be transferred or concealed property of the Debtors within one year before the filing of the petition under § 727(a)(2)(A) with respect to what has been characterized as a "family loan" (the "Trustee's Motion") (doc. # 15).  For the reasons set forth below, the Court grants the Trustee's motion for summary judgment under §727(a)(3).

### JURISDICTION

      The Court has jurisdiction over this adversary proceeding and the Trustee's Motion under 28 U.S.C. § 157(a) and 11 U.S.C. § 727.

---

[1] Unless otherwise indicated, all statutory references herein are to the United States Bankruptcy Code.

## MATERIAL FACTS

The material facts are not in dispute.[2] The Debtors filed a voluntary chapter 7 petition on November 9, 2004 (doc. # 1, Case No. 04-11480). The Debtors failed to appear at the initial meeting of creditors that was scheduled and noticed for December 1, 2004 (Trustee's Motion, ¶ 7). The Debtors appeared at the adjourned meeting of creditors on January 5, 2005, and the meeting was further adjourned (Trustee's Motion, ¶¶ 8-10). By letter dated December 8, 2004, the Trustee requested additional information from the Debtors, through their counsel, on seven categories of inquiries and requests for documentation (Complaint, ¶ 10).[3] The Trustee sent a second request on December 21, 2004, and a third request on February 3, 2005 (Complaint, ¶¶ 11, 13).[4] On February 18, 2005, the Debtors responded to the Trustee's inquiry by letter and affidavit (Trustee's Motion, ¶ 12). The Debtors responded to the Trustee's request for information with respect to the budgeted item of $500 per month for a "family loan" as follows: "Family loan $500: We are choosing not to involve family in our legal proceedings, and therefore have decided not to supply an affidavit to account for this expense. We understand that this decision may have an effect on the final outcome." (Trustee's Motion, ¶13).

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056. A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 247. Factual disputes that are irrelevant or unnecessary are not material. See id. The court must view all the evidence in the light most favorable to the nonmoving party and draw all inferences in the nonmovant's favor. See Cruden v. Bank of New York, 957 F.2d 961, 975 (2d Cir. 1992). In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. See Anderson, 477 U.S. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004); Delaware & Hudson Ry. Co. v. Conrail, 902 F.2d 174, 178 (2d Cir. 1990).

---

[2] The Debtors did not respond to the Trustee's Motion for Summary Judgment and have not provided controverting summary judgment evidence. Accordingly, pursuant to Vt. LBR 7056-1(a)(3) all material facts in the Trustee's motion are deemed admitted. Additionally, many of the material facts were admitted by the Debtors in their answer to the Trustee's Complaint (doc. # 5, Case No. 05-1020).
[3] See also, Debtors' Answer, ¶10.
[4] See also, Debtors' Answer, ¶¶11, 13.

2

## DISCUSSION

The Debtors are under an affirmative duty to cooperate with the Trustee and to provide all requested documents to the Trustee for his review, and failure to do so constitutes grounds for denial of discharge. Thaler v. Erdheim (In re Erdheim), 197 B.R. 23, 28 (Bankr. E.D. N.Y. 1996); In re Robson, 154 B.R. 536, 540 (Bankr. E.D. Ark. 1993). Section 727 provides as follows:

> (a) The court shall grant the debtor a discharge unless –
> …
> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

The duty of disclosure is a basic prerequisite to obtaining a discharge in any bankruptcy. In re Trinsey, 114 B.R. 86, 91 9Bankr. E.D. Pa. 1990).

It is undisputed that the Debtors refused to supply any information, explanation or financial records to explain the $500 monthly expense related to a "family loan," despite numerous requests by the Trustee. The request is reasonable and seeks information that is relevant to the Trustee's administration of the Debtors' bankruptcy estate. The Court finds the Debtors' steadfast refusal comply with the Trustee's reasonable request for information necessary for the administration of the case to be cause to deny the Debtors a discharge under § 727(a)(3).

Having made this finding the Court need not inquire further into the question of whether cause exists for granting the Trustee's motion on the § 727(a)(2) cause of action.

## CONCLUSION

Based upon the foregoing, the Court finds that there are no material facts in dispute and that the Trustee is entitled to judgment as a matter of law under § 727(a)(3). Accordingly, the Court grants Trustee's motion for summary judgment and denies the Debtors a discharge.

_____
November 4, 2005                          Colleen A. Brown
Rutland, Vermont                          United States Bankruptcy Judge